■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY LEWIS LUDWIG, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated January 20, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Queens County, rendered February 26, 1954 after a jury trial, convicting him of robbery and grand larceny (both in the first degree) and of assault in the second degree, and imposing sentence. Order affirmed. There is no proof that defendant was prevented from perfecting his appeal by reason of his poverty; nor is there any proof of defendant's indigence. On the contrary, it appears that he was able to pay his retained counsel a substantial fee. Even if defendant were indigent, however, he would be entitled at most to the assignment of counsel or to a transcript of the record (*People* v. *Fish,* 9 N Y 2d 695), but not to both (*People* v. *Breslin,* 4 N Y 2d 73). Since defendant had retained counsel, the counsel could have seen to it that the trial minutes were transcribed and filed, as required by statute (Code Crim. Pro., § 456), and he could have examined the filed transcript of the minutes. Beldock, P. J., Hill and Rabin, JJ., concur; Brennan, J., concurs on the ground stated above and on the following additional ground: The fact is that the appeal here was dismissed primarily, if not solely, by reason of counsel's failure to properly do his duty with respect to perfecting and prosecuting the appeal. Such neglect by counsel, however, was wholly unrelated to the defendant's alleged poverty. Hence, counsel's past neglect cannot now, under the guise of poverty, be utilized as a basis for vacating the judgment (cf. *People* v. *Kling,* 14 N Y 2d 571, affd. 19 A D 2d 750; *People* v. *Marchese,* 14 N Y 2d 695, affg. 19 A D 2d 728). Hopkins, J., dissents and votes to reverse the order and to remit the proceeding to the court below for a new hearing, with the following memorandum: If the defendant were actually indigent during the period that his appeal was pending, and if in fact he were prevented from prosecuting his appeal by reason of his then indigency, he is entitled to the reinstatement of his appeal (*People* v. *Stanley,* 12 N Y 2d 250; *People* v. *Adams,* 12 N Y 2d 417). At the hearing upon which the order appealed from is based, neither the defendant nor his wife was permitted to testify as to conversations with their retained attorney, now deceased, about the cost of transcription of the minutes of the trial. Defendant's indigency can be measured only by the circumstances in existence during the pendency of his appeal. Therefore, upon this *coram nobis* application, it was necessary that he be afforded the opportunity to establish the conversations with his attorney. Otherwise, the issue with respect to his indigency and its effect on the prosecution of his appeal could not be determined properly. I would, therefore, remit the matter for a further hearing so that all the relevant circumstances might be completely explored.